IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00517-FL

| | | |
|---|---|---|
| GEOFFREY H. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| GEOFFREY H. SIMMONS, SR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on *pro se* plaintiff's motion to compel discovery (DE #44) and supporting memorandum, filed together with a schedule of exhibits.[1] Defendant timely filed a response. At the court's request, plaintiff submitted a supplemental motion to compel (DE #51), to which defendant did not respond. Also before the court is plaintiff's motion for leave to amend the complaint (DE #47), to which defendant did not respond. In this posture, the issues raised are ripe for review. Plaintiff's motions are GRANTED.

## STATEMENT OF THE CASE

On September 24, 2010, *pro se* plaintiff filed a motion for extension of time to complete discovery, informing that plaintiff was being transferred from a federal penitentiary in Virginia to

---

[1] Filed together with the memorandum in support of plaintiff's motion to compel are the following exhibits: (1) plaintiff's first set of interrogatories, dated June 22, 2010; (2) plaintiff's first request for production of documents, dated June 22, 2010; (3) plaintiff's initial disclosures, dated June 22, 2010; (4) plaintiff's letter to defendant requesting compliance with discovery requests, dated September 13, 2010; (5) plaintiff's notice of address change, dated October 8, 2010; (6) TRULINCS inmate information and control sheet, dated November 2, 2010; (7) plaintiff's letter to defendant requesting compliance with discovery requests, dated October 22, 2010; (8) plaintiff's letter to defendant requesting compliance with discovery requests, dated November 11, 2010; and (9) plaintiff's certified mail receipt, postmarked June 24, 2010.

another in California, and explaining that he would be unable to work on his case while in transit. Plaintiff filed, as supplements to his motion for extension of time, copies of two letters addressed to defendant suggesting that defendant had failed to respond to plaintiff's discovery requests. Defendant did not respond to plaintiff's motion.

The court granted plaintiff's motion for extension of time to complete discovery, extending the deadline for completion of discovery to January 15, 2011, and the deadline for filing of all motions to February 15, 2011. With reference to plaintiff's supplemental letters, the court admonished defendant to cooperate with discovery requests and reminded plaintiff of the opportunity to file a motion to compel discovery should defendant continue to fail to comply.

After the court granted plaintiff's motion for an extension of time, and twenty-two (22) days after the time for response to such motion had passed, defendant filed a late response to plaintiff's motion (DE #41). Defendant's bare bones response containing only seven lines reads:

> Defendant, Geoffrey H. Simmons informs court that he has twice responded to the discovery request of the Plaintiff. On the first occasion Defendant's attempt was returned to Defendant with a note stating that Plaintiff's post office box had changed. On the second attempt of service, Defendant was informed that Plaintiff had been moved. Service was complied with in a timely manner and has yet to be returned to Defendant. Defendant is in no way acting in bad faith, and is fully complying with all federal discovery rules.

(Def.'s Resp. to Mot.) Plaintiff quickly filed a reply (DE #42), on November 19, 2010, and while replies to these types of motions ordinarily are not considered, plaintiff's reply was in the form of dialogue with defendant, wherein he requested that defendant again attempt service and included, once again, plaintiff's mailing address in Lompoc, California. Ten days later, on November 29, 2010, plaintiff filed requests for admissions which had been served by him on defendant as per the

2

certificate of service on November 23, 2010.

On December 3, 2010, plaintiff filed his motion to compel discovery. Defendant filed a response to plaintiff's motion on December 20, 2010. The court notes that defendant's response to the instant motion is merely a duplicate of defendant's response to plaintiff's motion for extension of time to complete discovery, which response is lodged at docket entry #41. Defendant's response to the instant motion reflects changes only to the caption and date.

On December 28, 2010, plaintiff filed his motion to amend or correct his complaint, seeking leave to add the Simmons Law Firm as a defendant. Defendant did not respond within the time permitted for so doing.

On January 6, 2011, the court ordered regarding plaintiff's motion to compel that, where defendant's response indicated there was a chance that defendant had complied with plaintiff's discovery requests, that plaintiff should make a supplemental filing confirming as to whether any matters raised by the motion to compel were still at issue. Plaintiff's supplemental filing was received on January 27, 2011. Defendant has made no response, nor has defendant moved for a protective order.

**DISCUSSION**

A.  Motion to Compel

Plaintiff's motion informs that defendant has failed to meet his discovery obligations in that defendant has not provided plaintiff with the initial disclosures required by Rule 26(a), has failed to produce requested documents, has failed to adequately respond to requests for admissions, and has failed to provide sufficient answers to interrogatories in that the answers provided are evasive, insufficient, incomplete or fail to provide the factual information requested.

3

Upon its review, the court finds good cause to ALLOW the motion to compel. Defendant is ORDERED, within twenty (20) days of entry of this order to do as follows:

1. Defendant is ORDERED to make the disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure.

2. Defendant is further ORDERED to submit complete, clear, and sufficient answers to interrogatories which plaintiff has demonstrated were answered inadequately or evasively by defendant[2]

3. Defendant is further ORDERED to submit amended answers to plaintiff's request for admissions, bearing in mind that all requests for admissions must be specifically admitted or denied, or the party must state in detail why the request cannot be answered, asserting lack of knowledge or information only if the party shows it has made a reasonable inquiry and that the known information is insufficient to enable the party to admit or deny. Fed.R.Civ.P. 36(a)(4).

4. With respect to those documents sought in plaintiff's request for production of documents, defendant is ORDERED to produce the requested documents to plaintiff to the extent that said documents are in defendant's custody or control, and to the extent that said documents are within the broad scope of discovery pursuant to Rule 26(b). Defendant is further ORDERED to make a showing demonstrating his good faith lack of custody or control over said

---

[2] Reference is made to plaintiff's letter to defendant dated January 6, 2011, and lodged on the docket at DE #51, Exhibit 10. Defendant is ORDERED to answer interrogatories ## 6, 7, 9, 11, 12, 13, and 15 in the manner requested by plaintiff.

documents, to the extent that defendant claims that any are not within his custody or control.

Plaintiff additionally requests reasonable expenses pursuant to Rule 37(a)(5), which rule provides that the court must require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses incurred in making the motion. Such an award of expenses may be granted only after giving an opportunity to be heard. Plaintiff is ORDERED, within fourteen (14) days of entry of this order, to submit a schedule of his expenses associated with this motion to compel and supplement thereto. Defendant shall have fourteen (14) days thereafter to show cause as to why an award of payment should not be made.

The court further respectfully notes plaintiff's request for sanctions pursuant to Rule 37(d). As, generally, obtaining sanctions is a two-step process requiring first an order compelling discovery, the court declines to impose sanctions at this juncture.[3] As there is now, however, an order compelling discovery, any continued noncompliance by defendant will surely be met heartily with sanctions by the court. Defendant is accordingly warned that a lackadaisical attitude towards this matter will not be tolerated. Defendant perhaps does not take this litigation seriously, but the same cannot be said for the court.

B.  Motion to Amend

Also before the court is plaintiff's motion pursuant to Rule 15(a) for leave to amend the complaint and add a party defendant. Plaintiff seeks to amend his complaint solely to add the

---

[3] The court notes additionally that Rule 37(d) permits the immediate imposition of sanctions where a party fails entirely to respond to discovery requests. Here, as defendant has responded, albeit inadequately and evasively, the court declines to award immediate sanctions, reserving such an award for any future violation of this order compelling discovery.

Simmons Law Firm as a defendant, and to reflect the capacity in which each defendant is sued.

Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one (21) days after serving it, or twenty-one (21) days after service of a responsive pleading or service of a motion under Rule 12, whichever is earlier. In all other cases, Rule 15(a)(2) requires that a party seek consent of the opposing party or leave of court in order to amend.

Whether to permit amendment is within the discretion of the district court, but leave to amend should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of such circumstances as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment, leave to amend should be freely given. Id.

Here, the court notes that defendant has not filed a response in opposition to plaintiff's motion to amend. Further, there is no evidence of bad faith or dilatory motive on the part of the movant. Plaintiff's motion was timely, as it was filed well in advance of the February 15, 2011, deadline for filing of all motions. Plaintiff has not previously been afforded the opportunity to amend his complaint. Defendant has demonstrated no undue prejudice which will result from allowing plaintiff's motion. For these reasons, plaintiff's motion to amend (DE #47) is GRANTED. The Clerk of Court is DIRECTED to take into the record plaintiff's amended complaint which is attached as Exhibit 2 to plaintiff's motion to amend.

SO ORDERED, this the 23rd day of March, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge