IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00517-FL

GEOFFREY H. SIMMONS, JR.,          )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )          ORDER
                                   )
GEOFFREY H. SIMMONS, SR.; and      )
SIMMONS LAW FIRM,                  )
                                   )
        Defendants.

This matter comes before the court on plaintiff's motion to recover fees and expenses (DE # 56), motion for sanctions (DE # 66), motion to request enforcement (DE # 69), and request for a discovery hearing (DE # 68). The issues raised are ripe for ruling.

BACKGROUND

Plaintiff, a federal inmate, initiated this action on October 15, 2008. The *pro se* complaint states claims for malpractice and fraud against Geoffrey Simmons, Sr. ("Simmons"), who is plaintiff's father and an attorney. Plaintiff's claims arise out of Simmons's representation of plaintiff in the federal criminal prosecution that resulted in plaintiff's incarceration. This case has been fraught with discovery issues from the start. In the court's best estimation, Simmons has been stonewalling plaintiff's attempts to conduct discovery since at least September of last year, if not earlier.

After months of unsuccessfully seeking Simmons's compliance, plaintiff ultimately filed motion to compel, which the court granted by order dated March 23, 2011. Therein, the court

ordered Simmons to comply with certain discovery requests by plaintiff, to which the court determined Simmons had responded inadequately, if at all. Further, the court directed plaintiff to submit a schedule of fees and expenses incurred in making his motion to compel, giving opportunity also to Simmons to show cause as to why fees and expenses should not be awarded. Finally, in the same order, the court granted plaintiff's motion for leave to amend the complaint to add Simmons Law Firm ("the Firm") as a defendant.

On March 23, 2011, plaintiff filed amended complaint, joining the Firm as a defendant. Simmons and the firm answered on April 13, 2011.

On April 6, 2011, plaintiff filed his motion to recover from Simmons the fees and expenses incurred in making the motion to compel. Plaintiff's motion is supported by declaration and a schedule of expenses. Simmons filed a bare bones response in opposition, to which plaintiff replied. On June 20, 2011, plaintiff filed motion for sanctions pursuant to Rule 37(b)(2)(A) for failure to comply with the court's discovery order. No response was filed to plaintiff's motion for sanctions. Finally, on August 23, 2011, plaintiff requested a telephonic hearing with this court regarding discovery.

## DISCUSSION

A.     Motion for Sanctions

In granting plaintiff's motion to compel, the court ordered Simmons to cure specific deficiencies in his discovery responses. More particularly, Simmons first was ordered to make the initial disclosures required by Federal Rule of Civil Procedure 26(a). Additionally, where Simmons in his first response had inadequately or evasively answered certain of plaintiff's interrogatories, Simmons was also ordered to submit complete, clear, and sufficient responses. Further, the court

2

determined that Simmons's responses to plaintiff's request for admissions were inadequate in that he failed to state specifically why certain requests could not be answered, as required by Federal Rule of Civil Procedure 36(a)(4). Finally, where Simmons refused to produce any document requested by plaintiff (responding to each request either with "do not have any" or "objection to relevance"), such responses were deemed insufficient to satisfy Simmons's obligations in discovery.

Plaintiff's motion for sanctions raises issue as to whether Simmons has complied with the terms of the court's order.[1] Simmons shall have **twenty-one (21) days** from date of entry of this order within which to bring himself into compliance.[2] This deadline shall be strictly observed. Simmons shall file by this date with the court the entirety of his responses in discovery, as previously ordered, and as ordered yet again.[3] Thereafter, the court will take up and decide the motion for sanctions together with the motion for fees and expenses.

Simmons is admonished that, should issues then remain, the court will heartily exercise its wide discretion to impose sanctions for defendant's failure to comply with discovery orders. See Mut. Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Reference is made to Federal Rule of Civil Procedure 37(b)(2), which provides that the court may impose sanctions in many forms, including specifically by rendering default judgment against the

---

[1] Plaintiff's motion requests that the court "render appropriate sanctions upon Defendant[s]" pursuant to Rule 37(b)(2)(A) for failure to obey the court's discovery order. This reference to multiple defendants is perhaps inadvertent, as throughout the memorandum in support, plaintiff clearly refers only to Simmons. Plaintiff's motion to compel and the court's resulting discovery order were limited to Simmons and did not extend to the Firm. The court may not impose sanctions under Rule 37(b) unless it has already issued a discovery order with which a party has failed to comply. See Fed.R.Civ.P. 37(b)(2)(A).

[2] With respect to the making of disclosures, the court's prior reference in order lodged on the docket at entry number 52 extends to initial disclosures required by Rule 26(a)*(1)* (emphasis added).

[3] Simmons is reminded of opportunity to file under seal any discovery that is potentially confidential. Reference is made to Local Civil Rule 79.2 for specific requirements and procedures.

3

disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(vi). Without doubt, the court will consider the entire spectrum of sanctions available, including, if appropriate, default judgment. See Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (observing that district court must make threat of entry of default judgment clear).

B.      Plaintiff's Additional Motions

In light of the court's ruling on plaintiff's motion for sanctions, the court holds in abeyance plaintiff's motion for fees and expenses pending Simmons's response to this order. Further, the court denies without prejudice to renewal plaintiff's request for discovery hearing and denies plaintiff's motion to request enforcement.

CONCLUSION

Simmons shall have **twenty-one (21) days** from date of entry of this order to bring himself into compliance with the court's order dated March 23, 2011, and to file with the court the entirety of his responses in discovery. Simmons is cautioned that if issues do remain, the court will consider all sanctions available pursuant to Rule 37(b)(2), including default judgment.

The court holds in abeyance plaintiff's motion for fees (DE # 56) pending Simmons's response to this order. The court DENIES without prejudice to renewal plaintiff's request for a discovery hearing (DE # 68). Finally, in light of this order, the court DENIES plaintiff's motion to request enforcement (DE # 69).

SO ORDERED, this the 27ᵗ day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

4