IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00517-FL

| | | |
|---|---|---|
| GEOFFREY H. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEOFFREY H. SIMMONS, and | ) | |
| SIMMONS LAW FIRM, | ) | |
| | ) | |
| Defendants. | | |

This matter comes again before the court on plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) (DE # 66), filed June 20, 2011. While defendant Geoffrey H. Simmons ("defendant Simmons") never responded directly to plaintiff's motion, defendant Simmons has twice filed documents at the court's direction, lodged in the docket at entry numbers seventy-two and eighty-one, in an effort to avoid sanctions. Plaintiff's motion is now ripe for adjudication. For the following reasons, said motion is DENIED.

## BACKGROUND

Plaintiff Geoffrey H. Simmons, Jr. ("plaintiff"), a federal inmate, initiated this action on October 15, 2008, stating in his *pro se* complaint claims against defendant Simmons for fraud and malpractice. With leave of court, plaintiff filed amended complaint on March 23, 2011, adding Simmons Law Firm as a defendant. On April 13, 2011, defendants filed answer to the amended complaint.

The instant motion relates back in part to plaintiff's motion to compel, filed December 3, 2010, before Simmons Law Firm was added as a defendant. Plaintiff sought then to compel

defendant Simmons's responses to plaintiff's interrogatories, request for admissions, and request for production of documents. Plaintiff sought also to compel defendant Simmons to provide his Rule 26(a)(1) initial disclosures.

By order entered March 23, 2011, the court granted plaintiff's motion to compel.[1] Plaintiff filed the instant motion for sanctions on June 20, 2011, and raised issues therein whether defendant Simmons had complied with the court's order compelling his discovery responses. Accordingly, by order entered October 28, 2011, the court directed defendant Simmons to file the entirety of his responses in discovery.

On November 16, 2011, defendant Simmons filed his updated interrogatory responses, his responses to plaintiff's request for admissions, and his responses to plaintiff's document requests. Defendant Simmons did *not* file, however, his Rule 26(a)(1) initial disclosures. Finally, following further direction from the court, defendant Simmons filed his Rule 26(a)(1) initial disclosures on March 12, 2012.

## DISCUSSION

Defendant Simmons, through the filing of his Rule 26(a)(1) initial disclosures, has finally brought himself into compliance with the court's March 23, 2011 order compelling his discovery responses. In light of defendant Simmons's compliance, the court finds unwarranted the issuance of any sanctions pursuant to Rule 37(b)(2)(A). Accordingly, plaintiff's motion for sanctions is denied.

---

[1] The court ordered defendant Simmons to: (1) make the disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure; (2) submit complete, clear, and sufficient answers to interrogatories ## 6, 7, 9, 11, 12, 13, and 15; (3) submit answers to plaintiff's request for admissions, and (4) produce the documents sought in plaintiff's request for production of documents to the extent that said documents were in defendant's custody or control, and to the extent that said documents were within the broad scope of discovery pursuant to Rule 26(b).

The court reminds the parties that by order entered February 13, 2012, it established a discovery deadline of March 15, 2012, and a dispositive motions deadline of April 15, 2012. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions (DE # 66) is DENIED.

SO ORDERED, this the 15th day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge